UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MCPIKE, Individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, a Maine Corporation; UNUM GROUP, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 15-CV-1445-AJB-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Presently before the Court is Defendants Unum Life Insurance Company of America's and Unum Group's (collectively "Defendants") motion to dismiss Plaintiff Tracy McPike's ("Plaintiff") second, third, and fourth causes of action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike Plaintiff's demand for jury trial pursuant to Federal Rule of Civil Procedure 12(f). (Doc. No. 18.) The Court finds the matter suitable for decision on the papers, without oral argument, pursuant to Local Civil Rule 7.1. The Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion.

//

1

# BACKGROUND[1]

## I. Factual Background

Plaintiff is a resident of San Diego, California, and is the mother of decedent Donovan Keith McPike Wokoske ("Wokoske"). Plaintiff was the named beneficiary on Wokoske's life insurance policy. Wokoske's employer, Costco Wholesale ("Costco"), issued his policy. Defendant Unum Life Insurance Company of America is a corporation organized under the laws of the State of Maine and is authorized to engage in, and engaged in, the business of life insurance in the State of California. Defendant Unum Group is a corporation organized under the laws of the State of Delaware and is authorized to engage in, and engaged in, the business of disability insurance in the State of California.

As an employee of Costco, Wokoske was covered by a life insurance plan and a "Group Accidental Death and Dismemberment Insurance Plan" (the "Plan"). Plaintiff alleges Defendants both funded the Plan and were authorized to make benefit determinations under the Plan. These determinations included assessing eligibility for benefits, resolving factual disputes, and interpreting and enforcing provisions of the Plan. Plaintiff alleges the Plan covered Wokoske beginning on June 1, 2013, and Wokoske paid all agreed-upon premiums due under the Plan.

On September 27, 2014, Wokoske was driving his motorcycle on Interstate 405 when he collided with a vehicle that had a flat tire. He was pronounced deceased on September 29, 2014, due to brain injuries resulting from the accident. Plaintiff alleges that in or around mid-October, she filed a claim for benefits due under Wokoske's life and accidental death or dismemberment insurance plans. Plaintiff alleges Defendants' approved the life insurance benefits, but denied accidental death or dismemberment benefits pursuant to the Plan. Defendants' proffered reason for denial was exclusionary

---

[1] Unless otherwise indicated, all allegations are taken from the Complaint. (*See* Doc. No. 1.)

language in the Plan policy allowing the denial of benefits if the accidental death or dismemberment is caused by, contributed to by, or resulting from "an attempt to commit or the commission of a crime." Based on the police report of the accident, which stated Wokoske was in violation of California Vehicle Code section 22350 requiring drivers to drive at speeds reasonable given the circumstances on the highway, Defendants concluded the accident occurred during the commission of a crime.

Plaintiff alleges she then filed an appeal in which she indicated the alleged traffic violation would at most constitute an infraction rather than a crime and does not justify the denial of benefits under the Plan. Moreover, Plaintiff alleged Wokoske was never charged or convicted of a crime or infraction, and the alleged traffic violation was based on a police report written by an officer who arrived on the scene after the accident. After an appellate review, Defendants upheld the denial of benefits based on Wokoske's actions leading up to the accident, which were deemed to be the commission of a crime.

Plaintiff alleges Defendants' interpretation of an uncharged infraction as a crime is unreasonable and does not justify the denial of benefits. Plaintiff further alleges Defendants' conduct constitutes a failure to use due diligence in administering the Plan and is part of a policy and practice to wrongfully deny legitimate claims in order to increase profits.

## II. Procedural Background

On July 1, 2015, Plaintiff filed the instant action, which is styled as a class action. Plaintiff alleged claims of wrongful denial and failure to pay plan benefits, breach of contract, and breach of fiduciary duties. Plaintiff requested injunctive and declaratory relief and demanded a jury trial.

Defendants now move to dismiss the claims for breach of contract, breach of fiduciary duties, and injunctive and declaratory relief for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 18.) Defendants also move to strike the demand for a jury trial. (*Id.*) Plaintiff did not oppose Defendants' motion to dismiss the breach of contract claim and to strike the jury

1 trial demand. (Doc. 24 at 4.) Plaintiff opposed dismissal of the remaining claims, (*id.*),
2 and Defendants filed a reply, (Doc. 25).

### LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiffs must also plead, however, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true "merely because they are cast in the form of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)) (internal quotation marks omitted). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *see also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## DISCUSSION

## I. Breach of Fiduciary Duty

Defendants challenge Plaintiff's third cause of action for breach of fiduciary duty on two grounds. (Doc. No. 18-1 at 7–9.) Defendants first argue that if Plaintiff brings this claim under state law, it should be dismissed because ERISA preempts state law claims.[2] (*Id.*) Defendants next argue this claim should be dismissed because (1) it fails as a matter of law if asserted under § 1132(a)(2); and (2) if asserted under § 1132(a)(3), it is duplicative of Plaintiff's ERISA benefit denial claim given that Plaintiff requests identical relief for each claim. (Doc. No. 18-1 at 9; Doc. No. 25 at 5–8.) Plaintiff clarifies that her claim is not brought under state law, but rather is properly asserted under ERISA. (Doc. No. 24 at 4.) She argues the breach of fiduciary duty claim is not duplicative of her ERISA benefits denial claim because each claim arises from distinct factual predicates. (*Id.*) Defendants counter, arguing the dispositive inquiry is not whether the claims arise from distinct factual predicates, but rather whether the claims seek distinct relief. (Doc. No. 25 at 7.)

Under ERISA, "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of

---

[2] The Court need not address Defendants' first argument for two reasons. First, Plaintiff clarifies that her breach of fiduciary duty claim arises under ERISA, not state law. (Doc. No. 24 at 4.) Second, the law on this point is clear: ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). This preemption is "deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–46 (1987) (internal citation and quotation marks omitted); *see also Joanou v. Coca-Cola Co.*, 26 F.3d 96, 99 (9th Cir. 1994) ("ERISA contains one of the broadest preemption clauses ever enacted by Congress.").

the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1). Sections 1132(a)(2) and (a)(3) further allow an injured party to pursue a claim for breach of fiduciary duty. *See id.* § 1132(a)(2)–(3). Section 1132(a)(2) permits a beneficiary to bring an action for breach of fiduciary duty if the damages "inure to the benefit of the plan and not to a single person's benefit." *Id.* § 1132(a)(2); *see Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985). *Cf. Hoffman v. Am. Soc. For Tecnnion-Israel Inst. of Tech.*, No. 09cv2482, 2011 WL 5570075, at *2 (S.D. Cal. Nov. 16, 2011) (stating plaintiff could not seek relief under § 1132(a)(2) because "[w]hat [p]laintiff seeks in essence is redress of [p]laintiff's individual grievance against the plan's administrators in the form of restoring [p]laintiff's plan benefits"). Section 1132(a)(3) further permits a beneficiary to bring an action for breach of fiduciary duty "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain the appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). However, a claim under § 1132(a)(3) is impermissible if the relief sought is monetary damages that can adequately be addressed by a claim for unpaid benefits under § 1132(a)(1). *See Wise v. Verizon Commc'n Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (affirming the district court's dismissal of § 1132(a)(3) claim because "the relief [plaintiff] requested . . . was duplicative of relief she sought under other sections of 29 U.S.C. § 1132"); *Hoffman*, 2011 WL 5570075, at *2 ("Plaintiff cannot rely on [§ 1132](a)(3) to bring a breach of fiduciary duty claim against Defendants, because what plaintiff ultimately seeks in the form of declaration, is in reality monetary compensation for plaintiff's lost benefits.").

Plaintiff's complaint does not state on which section of ERISA she relies for the breach of fiduciary duty claim. (*See* Doc. No. 1 ¶¶ 71–77.) Plaintiff does not state the specific facts relied on for the claim other than to say she "incorporates herein by reference each and every allegation set forth above in paragraphs 1 through 70." (*Id.* ¶ 71.) Most importantly, Plaintiff does not state remedies sought under the third claim that

are unique from the general monetary compensation sought in the unpaid benefits claim. (*Id.* ¶¶ 75–77.) To the extent Plaintiff's claim merely restates the facts from and remedies sought under her ERISA benefits denial claim, Plaintiff has not properly asserted a breach of fiduciary duty claim under § 1132(a)(3). *See Wise*, 600 F.3d at 1190 (holding plaintiff's claim for recovery of past and future benefits is barred because money damages are the classic form of legal remedy and are not an appropriate form of recovery under § 1132(a)(3)).

      Plaintiff has remedied some of these deficiencies in her opposition to Defendants' motion to dismiss. (*See* Doc. No. 24 at 4.) Namely, Plaintiff has emphasized the separate set of facts upon which the breach of fiduciary duty claim arises. (*Id.* at 4–6.) She alleges the denial of benefits was not just a misguided determination, but rather was part of a widespread misreading of the exclusionary language of the benefit plan. (*Id.* at 5.) Plaintiff asserts this alleged widespread misreading and misapplication of the exclusionary language arises from a structural conflict of interest established by Defendants' dual role of funding and administering the benefit plan. (*Id.*) The dual role has allegedly caused Defendants to wrongfully deny potentially hundreds of individuals benefits owed under the plan. (Doc. No. 1 ¶ 47.) If properly asserted in Plaintiff's complaint, and with proper remedies sought, such facts could give rise to a sufficient breach of fiduciary duty claim under §1132(a)(2). *See Mass. Mut. Life Ins. Co.*, 473 U.S. at 147 (stating a plaintiff would be entitled to relief under § 1132(a)(2) "if the plan administrator's refusal to pay contractually authorized benefits had been willful and part of a larger systematic breach of fiduciary obligations"); *see also Spindex Physical Therapy USA, Inc. v. United Healthcare of Ariz. Inc.* 661 F. Supp. 2d 1076, 1089 (D. Ariz. 2009) ("Plaintiffs' fiduciary duty claim alleges a systematic failure to properly determine benefits, as described in *Massachusetts Mutual*. Accordingly, Plaintiffs' allegations of improper claims determination implicate an ERISA fiduciary duty.") However, it would be inappropriate for the Court to deny Defendants' motion to dismiss Plaintiff's third claim on the basis of allegations asserted in her opposition. *See Broam*,

1  320 F.3d at 1026 n.2 ("In determining the propriety of a Rule 12(b)(6) dismissal, a court
2  *may not* look beyond the complaint to a plaintiff's moving papers, such as a
3  memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).
4  As the complaint stands, Plaintiff has not properly asserted facts supporting a claim that
5  Defendants have negatively impacted the value of the plan as a whole, nor has Plaintiff
6  sought remedies that would inure to the benefit of the plan as a whole. For these reasons,
7  the Court finds dismissal with leave to amend appropriate.

Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's third cause of action for failure to state a claim upon which relief can be granted under Federal Civil Rule of Procedure 12(b)(6) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's third cause of action for breach of fiduciary duty.

## II.   Equitable and Declaratory Relief

Defendants also challenge Plaintiff's fourth cause of action for equitable and declaratory relief. (Doc. No. 18-1 at 11.) Defendants assert the claim for equitable relief is duplicative of the benefit denial claim and should therefore be dismissed. (Doc. No. 18-1 at 11–12.) Plaintiff counters, arguing a claim under § 1132(a)(1)(B) does not necessarily preclude a claim under § 1132(a)(3), especially where the relief sought under each section is distinct. (Doc. No. 24 at 8–9.) Plaintiff further argues a claim for equitable remedies under § 1132(a)(3) should not be dismissed during the pleading stage, in part because additional equitable remedies, such as reformation, may become apparent as the case progresses. (*Id.*)

Plaintiff requests three specific forms of relief in her fourth cause of action. (Doc. No. 1 19.) Her requests include, but are "not limited" to "(a) an order enjoining Defendants' from engaging in such claims practices as described herein; (b) an order enjoining Defendants from denying such benefits based on the claims practices as described herein; and (c) an order that Plaintiff and Class Members shall recover all such insurance benefits, together with interest thereon and reasonable attorneys' fees incurred in seeking recovery of such benefits." (*Id.*) While Plaintiff's request to recover all

8

insurance benefits owed under the Plan duplicates the relief sought under § 1132(a)(1)(B), the other requested relief does not. *See Fowler v. Aetna Life Ins. Co.*, No. C 08–03463, 2008 WL 4911172 at *3 (N.D. Cal. Nov. 13, 2008) (holding plaintiff's claim for relief under § 1132(a)(1) did not duplicate the claim for equitable relief because plaintiff asserted allegations against defendant that did "not merely assert an erroneous denial of benefits, but instead assert that [defendant] has a pattern and practice of denying legitimate claims in order to boost profits thereby entitling [plaintiff] to further relief under [§ 1132](a)(3).") An injunction on the alleged practices could upend what is alleged to be a benefit determination system built on a structural conflict exacerbated by bias, self-interest, and self-dealing. (Doc. No. 1 ¶ 24.)

*Hoffman v. American Society For Tecnnion-Israel Institute of Technology*, No. 09cv2482, 2011 WL 5570075 (S.D. Cal. Nov. 16, 2011), does not require a contrary conclusion. In that case, this Court held, consistent with established case law, that plaintiffs cannot bring a § 1132(a)(3) claim for equitable relief if the relief simply amounts to unpaid benefits, which is appropriately addressed under § 1132(a)(1)(B). *See id.* at *2. As Defendants discuss, an order enjoining an insurance company from not paying benefits is in essence an order to pay benefits due under the insurance plan. (Doc. No. 25 at 9.) Consistent with this Court's holding in *Hoffman*, such relief is not appropriate under § 1132(a)(3). *Hoffman*, 2011 WL 5570075, at *2.

However, unlike in *Hoffman*, injunctive relief in this case could offer more than just monetary relief. *See Fowler*, 2007 WL 4911172, at *4 (discussing a series of cases denying motions to dismiss § 1132(a)(3) claims because equitable and injunctive relief may be proper when the defendant has allegedly engaged in continuous and intentional wrongful denials of legitimate benefit claims). An injunction could end what is alleged to be intentional and widespread misinterpretations of exclusionary language. (Doc. No. 1 ¶¶ 40–45.) This remedy is not necessarily available in a § 1132(a)(1)(B) claim for unpaid benefits. *See Finkelstein v. Guardian Life Ins. Co.*, No. C 07–01130, 2007 WL 4287329, at *4 (N.D. Cal. Dec. 5, 2007) (stating allegations of defendant's intentional denials of

1  legitimate benefit claims and systematic failure to properly investigate benefit claims "go
2  above and beyond the mere denial of benefits" and the determination of equitable relief
3  "must be saved for a later stage in the proceedings"); *Caplan v. CNA Short Term*
4  *Disability Plan*, 479 F. Supp. 2d 1108, 1112–13 (N.D. Cal. 2007) (stating plaintiff's
5  allegation that he was denied benefits based on defendant's biased review process was
6  "sufficient to state a claim for breach of fiduciary duty . . . [and that] it would be
7  premature to dismiss [p]laintiff's claim under [§] 1132(a)(3) on the basis that relief is
8  available under [§] 1132(a)(1)(B)") To this effect, Plaintiff's request for equitable relief
9  extends beyond the purview of *Hoffman* and is not duplicative of the relief sought under
10 § 1132 (a)(1)(B).

11      For these reasons, Defendants' motion to dismiss Plaintiff's fourth cause of action
12 for equitable and declaratory relief is **GRANTED IN PART** to the extent Plaintiff seeks
13 "an order that Plaintiff and Class Members shall recover all such insurance benefits,
14 together with interest thereon and reasonable attorneys' fees incurred in seeking recovery
15 of such benefits," and **DENIED IN PART** to the extent Plaintiff seeks equitable relief
16 related to the manner in which Defendants review benefit claims.

17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendants Unum Life Insurance Company of America's and Unum Group's motion to dismiss Plaintiff Tracy McPike's second, third, and fourth causes of action. (Doc. No. 18.) The second and third causes of action are accordingly **DISMISSED WITHOUT PREJUDICE**. The fourth cause of action is **DISMISSED** to the extent Plaintiff seeks "an order that Plaintiff and Class Members shall recover all such insurance benefits, together with interest thereon and reasonable attorneys' fees incurred in seeking recovery of such benefits." To the extent Plaintiff's fourth cause of action seeks other forms of relief, Defendants' motion is **DENIED**. Defendants' motion to strike the demand for jury trial is **GRANTED**.

IT IS SO ORDERED.

Dated: October 30, 2015

Hon. Anthony J. Battaglia
United States District Judge